# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

RICHARD PRICE,                )
                              )
    Plaintiff,           )
                              )  No. 6:16-CV-03420-DGK-SSA
v.                            )
                              )
NANCY A. BERRYHILL,           )
Acting Commissioner of Social Security, )
                              )
    Defendant.           )

## ORDER AFFIRMING THE COMMISSIONER'S DECISION

This action seeks judicial review of the Acting Commissioner of Social Security's ("the Commissioner") decision denying Plaintiff Richard Price's applications for Social Security disability insurance benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401–434; Supplemental Security Income under Title XVI of the Act, 42 U.S.C. §§ 1381–1383f; and Widower's Insurance Benefits under Title II of the Act, 42 U.S.C. § 402(f).[1] The Administrative Law Judge ("ALJ") found Plaintiff had severe impairments of bilateral shoulder degenerative joint disease, bilateral knee degenerative joint disease, left hand pain and loss of feeling of the left hand middle and forefinger tips, and diverticulitis, but he retained the residual functional capacity ("RFC") to perform work as a production assembler.

After carefully reviewing the record and the parties' arguments, the Court finds the ALJ's opinion is supported by substantial evidence on the record as a whole. The Commissioner's decision is AFFIRMED.

---

[1] Widower's insurance benefits are available to a surviving husband of an individual who died a fully insured individual and who meets certain requirements set out in the statute. 42 U.S.C. § 402(f). The availability of these benefits does not alter the Court's analysis here.

## Procedural and Factual Background

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

Plaintiff filed his applications on December 2, 2013, alleging a disability onset date of October 3, 2012. The Commissioner denied the applications at the initial claim level, and Plaintiff appealed the denials to an ALJ. The ALJ held a hearing, and on September 3, 2015, issued a decision finding Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review on August 24, 2016, leaving the ALJ's decision as the Commissioner's final decision. Plaintiff has exhausted all administrative remedies and judicial review is now appropriate under 42 U.S.C. §§ 405(g) and 1383(c)(3).

## Standard of Review

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Chaney v. Colvin*, 812 F.3d 672, 676 (8th Cir. 2016). Substantial evidence is less than a preponderance, but is enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Id.* The court must "defer heavily" to the Commissioner's findings and conclusions. *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015). The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice; a decision is not outside this zone simply because the evidence also points to an alternate outcome. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011).

**Discussion**

The Commissioner follows a five-step sequential evaluation process[2] to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A). Plaintiff argues the ALJ erred by failing to properly weigh the consultative examiner's opinion and discussing differences between the doctor's opinion and the RFC determination.

**I.     The ALJ did not commit reversible error in weighing or discussing Dr. Ash's opinion.**

Plaintiff argues the ALJ erred in weighing the opinion of the consultative examiner, Dr. Charles Ash, M.D., because he did not include in his RFC finding all of the limitations that Dr. Ash recommended. For example, the ALJ did not adopt Dr. Ash's suggestion that Plaintiff could only *occasionally* push and/or pull, handle, finger, and reach, and that he could only sit, stand, and walk for *one* hour at a time without interruption. The ALJ found Plaintiff could *frequently* push and/or pull, handle, finger and reach, and that he could sit, stand, and walk for up to *two* hours at a time. R. at 24. Plaintiff contends the ALJ's divergence from Dr. Ash's opinion is unexplained and unclear; at the very least, the Court should remand the matter for another hearing.

---

[2] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) his impairments, alone or combined, are medically severe; (3) his severe impairments meet or medically equal a listed impairment; (4) his residual functional capacity precludes his past relevant work; and (5) his residual functional capacity permits an adjustment to any other work. The evaluation process ends if a determination of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); *see* 20 C.F.R. §§ 404.1520(a)–(g); 416.920(a)-(g). Through Step Four of the analysis the claimant bears the burden of showing that he is disabled. After the analysis reaches Step Five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

There is no basis to reverse or remand here. An ALJ may appropriately discount the opinion of a medical source—or any portion thereof—if it is inconsistent with other evidence in the record, and the ALJ is not required to refute in the decision every possible limitation suggested by the record or any particular medical source. *See McCoy v. Astrue,* 648 F.3d 605, 615 (8th Cir. 2011) (noting an ALJ is not required to list and reject every possible limitation). Here, the ALJ recognized his RFC finding differed slightly from Dr. Ash's opinion, but was consistent with the doctor's overarching opinion that Plaintiff was capable of a range of light exertional level work. This is not reversible error; this is the ALJ discounting a portion of an opinion that is—in the ALJ's opinion—inconsistent with other evidence in the record. Although Plaintiff believes that the ALJ should have weighed Dr. Ash's opinion differently and imposed all of his suggested limitations, his decision to reject a few of Dr. Ash's suggested limitations is supported by substantial evidence and so is within the available zone of choice. *See Perks v. Astrue*, 687 F.3d 1086, 1092 (8th Cir. 2012) (holding ALJ's decision to partially discount consultative physician's opinion was proper because substantial evidence supported the ALJ's decision on those limitations).

Of course, the ALJ committed a writing error when he wrote, "[f]or these reasons, Dr. Ash's overarching opinion is given to Dr. Ash's opinion [sic]." R. at 26. Because of this mangled sentence, the reader does not know the precise weight the ALJ gave to Dr. Ash's opinion. Even so, it is clear from the surrounding sentences that the ALJ was not adopting each of Dr. Ash's suggested limitations; he was adopting Dr. Ash's general opinion that Plaintiff was capable of a range of work at the light exertional level. R. at 25-26. Given the evidence in the record supporting the ALJ's RFC determination, reversal or remand is inappropriate here because the error is a mere deficiency in opinion writing. *See Hensley v. Colvin,* 829 F.3d 926, 932 (8th Cir. 2016).

## Conclusion

For the reasons discussed above, the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date:   December 14, 2017	        /s/ Greg Kays
	GREG KAYS, CHIEF JUDGE
	UNITED STATES DISTRICT COURT